AO 245C (Rev. 6/05) Amended Judgment in a Criminal Case  (NOTE: Identify Changes with Asterisks (*))
Sheet 1    (Rev. USAO 10/2005)

# UNITED STATES DISTRICT COURT

WESTERN District of WASHINGTON

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| BRIJIDO MEJIA PIMENTAL | Case Number: CR99-147RBL-001 |
| | USM Number: *28878-086 |

Date of Original Judgment: December 6, 2005
(Or Date of Last Amended Judgment)

PEGGY SUE JUERGENS
Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
✓ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant  ☐ 28 U.S.C. § 2255 or
     ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.
✓ was found guilty on counts  1, 2, 3,4,5,6,7,8,9,10 and 11
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1), 841(b)(1)(A), and 846 | Conspiracy to Distribute Heroin | 3/19/1999 | 1 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); 18 U.S.C. § 2 | Distribution of Heroin | 3/9/1999 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

DOUGLAS J. HILL
Signature of Special Assistant United States Attorney

December 6, 2005
Date of Imposition of Judgment

Signature of Judge

THE HONORABLE RONALD B. LEIGHTON, U.S. District Judge
Name and Title of Judge

March 24, 2006
Amended Date

99-CR-00147-JGM

DEFENDANT: BRIJIDO MEJIA-PIMENTAL
CASE NUMBER: CR99-147RBL-001

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Date Offense Ended | Count Number |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); 18 U.S.C. § 2 | Distribution of Heroin | 3/10/1999 | 3 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); 18 U.S.C. § 2 | Distribution of Heroin | 3/10/1999 | 4 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); 18 U.S.C. § 2 | Distribution of Heroin | 3/18/1999 | 5 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); 18 U.S.C. § 2 | Distribution of Heroin | 3/19/1999 | 6 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); 18 U.S.C. § 2 | Conspiracy to Distribute Methamphetamine and Heroin | 3/19/1999 | 7 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); 18 U.S.C. §2 | Distribution of Methamphetamine | 3/19/1999 | 8 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); 18 U.S.C. §2 | Possession with Intent to Distribute Methamphetamine | 3/19/1999 | 9 |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); 18 U.S.C. §2 | Possession with Intent to Distribute Cocaine | 3/19/1999 | 10 |
| 21 U.S.C. § 841(d); 18 U.S.C. § 2 | Possession of Listed Chemical | 3/19/1999 | 11 |

Case 2:99-cr-00147-RBL  Document 282  Filed 03/24/06  Page 3 of 7

AO 245C (Rev. 6/2005) Amended Judgment in a Criminal Case (Rev. USAO 10/2005)
Sheet 2 — Imprisonment
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 3 of 7

DEFENDANT: BRIJIDO MEJIA-PIMENTAL
CASE NUMBER: CR99-147RBL-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: One hundred and fifty-six (156) MONTHS

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 6/2005) Amended Judgment in a Criminal Case (Rev. USAO 10/2005)
Sheet 3 — Supervised Release
Case 2:99-cr-00147-RBL   Document 282   Filed 03/24/06   Page 4 of 7
(NOTE: Identify Changes with Asterisks (*))

DEFENDANT: BRIJIDO MEJIA-PIMENTAL
CASE NUMBER: CR99-147RBL-001

Judgment—Page 4 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:
FIVE (5) YEARS

- ☐ The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
- ☒ The defendant shall not commit another federal, state or local crime.
- ☐ The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, up to a maximum of _____ tests per month at dates and times directed by the U.S. Probation Officer.
- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☐ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

AO 245C (Rev. 6/2005) Amended Judgment in a Criminal Case (Rev. USAO 10/2005)
Sheet 3A — Supervised Release
(NOTE: Identify Changes with Asterisks (*))

Judgment—Page 5 of 7

DEFENDANT: BRIJIDO MEJIA-PIMENTAL
CASE NUMBER: CR99-147RBL-001

# ADDITIONAL SUPERVISED RELEASE CONDITIONS

1. The defendant shall be prohibited from possessing a firearm or destructive device as defined in 18 U.S.C. § 921.

2. The defendant shall submit to mandatory drug testing pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d). √ YES ____ NO to not exceed eight tests per month.

3. The defendant shall participate as instructed by his probation officer in a program approved by the probation office for treatment of narcotic addiction or drug dependency or substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol. <u>The defendant shall also abstain from the use of alcohol and/or other intoxicants during the term of supervision.</u>

4. The defendant shall submit to searches of his person, residence, office, property, storage unit or vehicle conducted in a reasonable manner and at a reasonable time by a probation officer.

5. The defendant shall provide the probation officer with access to any requested financial information including authorization to conduct credit checks and obtain copies of the defendant's federal income tax returns.

6. If deported, the defendant shall not reenter the United States without permission of the Bureau of Immigration and Customs Enforcement. If granted permission to reenter, the defendant shall contact the nearest U.S. Probation Office within 72 hours of reentry.

AO 245C  (Rev. 6/2005) Amended Judgment in a Criminal Case (Rev. USAO 10/2005)  
Case 2:99-cr-00147-RBL  Document 282  Filed 03/24/06  Page 6 of 7  
Sheet 5 — Criminal Monetary Penalties  
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 6 of 7

DEFENDANT: BRIJIDO MEJIA-PIMENTAL  
CASE NUMBER: CR99-147RBL-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ 1,100.00 | $ -0- | $ -0- |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Amount of Total Loss*** | **Amount of Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

TOTALS  $ _____  $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

√ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  √ the interest requirement is waived for  √ fine  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

√ The Court finds that the defendant is financially unable and is unlikely to become able to pay a fine and, accordingly, the imposition of a fine is waived.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 6/2005) Amended Judgment in a Criminal Case (Rev. USAO 10/2005)
Sheet 6 — Schedule of Payments
(NOTE: Identify Changes with Asterisks (*))

Case 2:99-cr-00147-RBL   Document 282   Filed 03/24/06   Page 7 of 7

Judgment — Page **7** of **7**

DEFENDANT: BRIJIDO MEJIA-PIMENTAL
CASE NUMBER: CR99-147RBL-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

☒ PAYMENT IS DUE IMMEDIATELY. Any unpaid amount shall be paid:

 √ During the period of imprisonment, no less than **10** % of their inmate gross monthly income or $25.00 per quarter, whichever is greater, to be collected and disbursed in accordance with the Inmate Financial Responsibility Program.

 √ During the period of supervised release, in monthly installments amounting to not less than **10** % of the defendant's gross monthly household income, to commence 30 days after release from imprisonment.

 ☐ During the period of probation, in monthly installments amounting to not less than _____ % of the defendant's gross monthly household income, to commence 30 days after the date of this judgment.

**The payment schedule above is the minimum amount that the defendant is expected to pay towards the monetary penalties imposed by the Court. The defendant shall pay more than the amount established whenever possible. The defendant must notify the Court, the United States Probation Office, and the United States Attorney's Office of any material change in the defendant's financial circumstances that might affect the ability to pay restitution.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.

All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to: United States District Court, Western District of Washington. For restitution payments, the Clerk of the Court is to forward money received to the party(ies) designated to receive restitution specified at page_____ of this Judgment.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

 Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.