Judge Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR99-0147RBL |
| Plaintiff, ) | |
| v. ) | GOVERNMENT'S MEMORANDUM |
| ) | FOR THIRD RE-SENTENCING |
| BRIJIDO MEJIA-PIMENTAL, ) | |
| Defendant. ) | |

The United States of America, by and through Jeffrey C. Sullivan, United States Attorney, for the Western District of Washington, and Douglas J. Hill, Special Assistant United States Attorney, for said District and respectfully submits to the Court this memorandum in support of the Defendant's third re-sentencing. The matter is currently scheduled for re-sentencing before Judge Ronald B. Leighton, on Friday, July 27, 2007, at 9:30 a.m. The Government has discussed the issue of the need for an evidentiary hearing with defense counsel and at this time the parties agree that an evidentiary hearing appears to be unnecessary and the parties intend to present their disputes via oral argument.

**I. PROCEDURAL HISTORY**

An Indictment alleging multiple counts of drug distribution was returned against

Government's Memorandum for Third Re-Sentencing
U.S. v. Brijido Mejia-Pimental/CR99-0147RBL - 1

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Brijido Mejia-Pimental on March 26, 1999. CR 5.[1]  A Superseding Indictment alleging eleven counts of drug distribution was returned on April 7, 1999. CR 15.

On November 22, 1999, the Defendant entered a guilty plea as to Counts 1, 3, 6, 7, 8, and 10 of the Superseding Indictment. CR 135.  The Defendant was interviewed for purposes of safety valve eligibility and found to be wanting.  The Government filed a sentencing memorandum outlining and alleging the reasons why the defendant was not eligible for safety valve. CR 147.  At the time scheduled for sentencing, March 20, 2000, the Defendant moved to withdraw his guilty plea, which was granted. CR 150.

The matter proceeded to trial commencing on May 22, 2000, before the Honorable Judge Jack E. Tanner. CR 163.  The trial concluded on May 24, 2000, with a verdict of guilty as to all eleven counts. CR 172.

The District Court imposed a final judgment and sentence of 210 months in the Bureau of Prisons on February 2, 2001, and a Statement of Reasons was filed on February 8, 2001. CR 204-206.  Mejia timely appealed. CR207.  The Ninth Circuit Court of Appeals issued an unpublished opinion on March 24, 2003, sustaining the convictions. The Circuit Court also remanded the matter to the District Court for further findings pursuant to Federal Rules of Criminal Procedure 32(c)(1) on the issue of the District Court's determination that the Defendant was a leader pursuant to United States Sentencing Guidelines (USSG) Section 3B1.1(c), resulting in a 2-level increase to Mejia's Guideline level.  CR 229.

On September 19, 2003, the Defendant appeared before Judge Tanner. The Defendant was again found to be a leader and sentenced to 210 months imprisonment. CR 238.  At that time the Defendant requested numerous adjustments and/or departures that would reduce his sentence, some of which the Government is advised will be raised again here.  However, the defendant did not apply for safety valve.  In fact the

---

[1] CR refers to an entry in the Clerk's Record.

Government's Memorandum for Third Re-Sentencing
U.S. v. Brijido Mejia-Pimental/CR99-0147RBL - 2

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Government had approached his counsel prior to the 2003 re-sentencing to see if the Defendant was willing to provide information or cooperation as to his uncle Cristino Tejeda-Mejia and the Defendant declined to do so.[2]

The Defendant again appealed in a timely manner. CR 241. The 9th Circuit Court of Appeals remanded the matter for re-sentencing in light of new case law pursuant to United States v. Booker, 125 S.Ct. 738, 769 (2005) and United States v. Ameline, No.02-30326, 2005 WL 350811 (9th Cir. Feb. 9, 2005). CR 259. The matter was then reassigned to the Honorable Judge Ronald B. Leighton for all further proceedings. CR 260.

At the time of the second re-sentencing, the Defendant raised several issues including the application of the leadership role adjustment, his eligibility for safety valve, and sentencing disparity. CR 268, 271. This Court declined to impose a guideline adjustment for leadership, denied Defendant's request for safety valve eligibility for reasons of lack of "good faith," but in light of the factors in 18 U.S.C. § 3553(a) departed downwards below the low end of the guideline range and imposed a sentence of 156 months imprisonment. Cr 274.

The Defendant again appealed in a timely manner. CR 276. The 9th Circuit Court of Appeals ruled that this Court incorrectly interpreted the meaning of "good faith" in denying the Defendant safety valve eligibility. The matter has been remanded for a fourth sentencing.

## II. GUIDELINE CALCULATIONS

The parties have entered into a stipulation which, if followed, will determine the guideline range and eradicate the mandatory minimum sentence in this matter.

The Government and defense agree to the calculations adopted by the Court at all previous hearings in this case. Based upon the weights demonstrated at trial the Defendant has a base offense level of 34 for the controlled substances discovered in this

---

[2] See page 5 of Government's supplemental re-sentencing memorandum filed 9-16-03.

Government's Memorandum for Third Re-Sentencing
U.S. v. Brijido Mejia-Pimental/CR99-0147RBL - 3

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

case. The Defendant and Government have chosen to use the Grouping Rules of the Sentencing Guidelines for purposes of incorporating the pseudoephedrine found in this case, which the parties believe provides for a one-level increase in the offense level.[3]

The parties have agreed upon a base offense level of 35, with no upward or downward adjustments other than the safety valve. The parties have agreed upon safety valve eligibility with the consequence of a two level downward adjustment, for a total offense level of 33. With a Criminal History category of I this should result in a Guideline Range of one hundred and thirty-five (135) to one hundred and sixty-eight (168) months imprisonment.

The Government has agreed to recommend a sentence of imprisonment of one hundred and fifty-six (156) months. The Defendant has agreed that if the Court imposes a sentence of one hundred and fifty-six (156) months imprisonment or less, the Defendant has waived his rights to appeal or collaterally attack the sentence, except for the right of collateral attack on the basis of ineffective assistance of counsel.

### III. DOWNWARD DEPARTURES

The Government has been advised that in the same vein as the last sentencing the Defendant will request a downward departure from the guideline range based upon a sentencing disparity argument.[4]

Under USSG § 5K.2.0 and its implementing statute, a departure is appropriate when "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). The defendant bears the burden to prove, by a preponderance of the evidence, that the circumstances of his or her case warrants a downward departure. United States v. Anders, 956 F.2d 907, 911 (9th Cir. 1992). In

---

[3] At the prior sentencings the PSRs had presented an alternative way of calculating the effect of the pseudoephedrine which would increase the Total Offense Level by one point.

[4] While the Government has not seen the defense sentencing memo or attachments, the Government and defense counsel have discussed the issues and positions they are going to advocate.

Government's Memorandum for Third Re-Sentencing
U.S. v. Brijido Mejia-Pimental/CR99-0147RBL - 4

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

this post-Booker era, the Sentencing Guidelines are now considered to be advisory and the sentencing Court can certainly more easily depart from them.  <u>United States v. Booker</u>, 125 S.Ct. 738 (2005).  However, just because a sentence is lengthy this does not mean that the Court necessarily should depart.

1.   <u>Disparate Sentencing</u>.

At the time of Mejia's prosecution, Mejia was approached through his counsel, to see if he was willing to cooperate with the government in pursuing his supervisor (Cristino) and/or others.  Mejia entered a guilty plea and offered to provide a complete and truthful statement to the Government regarding the drug distribution conspiracy.  Rather than revealing the truth about his source, Cristino, Mejia lied to the government during the safety valve interview contending that Cristino had nothing to do with the crime and that the Defendant had only met Cristino twice in his lifetime.[5]  The Defendant thereafter withdrew his guilty plea, and proceeded to trial.

Long after Mejia's conviction and first sentencing but prior to Mejia's second sentencing, Cristino was finally captured and prosecuted.  By that point in time Eulogio Garcia had served his sentence and been deported.  Mejia was again approached by the Government, through counsel, to see if he was willing to interview with the Government and provide testimony as to Cristino.  Mejia declined.  Without a single witness available to testify against Cristino the Government was forced to enter into a plea agreement commensurate with the strengths and weaknesses of the case at hand, without Mejia's assistance.[6]

It is understood that Mejia will take the position that it is inequitable for Mejia to receive a sentence of 210 months imprisonment when his acknowledged leader received a sentence of merely 30 months imprisonment.  Mejia's complaint that he should receive a reduced sentence under these circumstances is ironic indeed.  The

---

[5]   The agent who took that proffer was Kevin Wetteland who will be available for the hearing.

[6]   The case against Cristino was handled by AUSA Douglas Whalley.  It resulted in a sealed plea agreement and a transfer for sentencing to the Central District of California.

Government's Memorandum for Third Re-Sentencing
U.S. v. Brijido Mejia-Pimental/CR99-0147RBL - 5

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Government entered into the plea bargain with Cristino as the result of the fact that Mejia refused to cooperate by providing any evidence against his uncle. To give credence to such an argument turns the principle of inequity on its head.

It should be pointed out that none of the other co-defendants in this case received a lengthy sentence similar to that of the Defendant. However, all of the other charged co-defendants operated at a level much lower than that of the Defendant, and all of the co-defendants chose to enter into plea agreements. The only exception to this was Liera-Vargas who was dismissed from the case pursuant to his status as a juvenile.[7]

2.  Rehabilitation.

It is believed by the Government that Mejia intends to claim that one of the reasons to support his sentencing disparity is that he has demonstrated rehabilitation while incarcerated. A defendant's post-sentencing exceptional attempts at rehabilitation might justify a downward departure at the time of a re-sentencing. United States v. Green, 152 F.3d 1202, 1207-1208 (9th Cir. 1998).

Mejia made the same claim at the time of his first and second re-sentencings. However, the Government advocated that there was nothing in the record at that time to justify such a finding.

The Government assumes that the Defendant has done normal things such as: enrolling in programs; taking education classes; participating in sports; and engaging in gainful employment for pay.

Such activities while laudable, should be the norm, and are to be expected. Compliance with the rules and taking advantage of opportunities to better ones situation or to fill the time are not exceptional.

### IV. CONCLUSION

Based upon a total offense level of 33 and a Criminal History category of I, the

---

[7] It should be noted that the Government is not requesting the Court to make a finding pursuant to USSG 2D1.2(a)(1) which would require a two level upward adjustment to the Guideline Level for involving an underage person in the offense.

Government's Memorandum for Third Re-Sentencing
U.S. v. Brijido Mejia-Pimental/CR99-0147RBL - 6

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Defendant's guideline range will be 135 to 168 months. The Government respectfully requests that the Court reject the Defendant's requests for downward adjustments or departures, and impose a sentence of one hundred and fifty-six (156) months imprisonment, five (5) years of supervised release, and an eleven hundred dollar ($1,100.00) penalty assessment.

Dated this 24th day of July, 2007.

Respectfully Submitted,

JEFFREY C. SULLIVAN
United States Attorney

s/ Douglas J. Hill
DOUGLAS J. HILL
Special Assistant United States Attorney
Washington State Bar No. 11850
733 Market Street, Fourth Floor
Tacoma, Washington 98402
Telephone: (253) 383-7901
Facsimile: (253) 383-7974
E-mail: Douglas.Hill@usdoj.gov

Government's Memorandum for Third Re-Sentencing
U.S. v. Brijido Mejia-Pimental/CR99-0147RBL - 7

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2007, I electronically filed the foregoing Government's Third Re-Sentencing Memorandum with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

s/ Sharon D. Nelson
SHARON D. NELSON
Legal Assistant
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402
Telephone: (253) 428-3804
Facsimile: (253) 428-3826
E-mail: sharon.nelson@usdoj.gov

Government's Memorandum for Third Re-Sentencing
U.S. v. Brijido Mejia-Pimental/CR99-0147RBL - 8

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800